IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CATLYN MAX JAMES KIRKALDIE,<br><br>Defendant. | Case No. 1:21-cr-054<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America, by its attorneys, Jennifer Klemetsrud Puhl, United States

Attorney for the District of North Dakota, and Brandi Sasse Russell, Assistant

United States Attorney, the defendant, Catlyn Max James Kirkaldie, and defendant's

attorney, Christina P. Rudy, hereby agree to the following:

1.       The defendant acknowledges that the Indictment charges the Defendant

with the following offense:

Assaulting and Resisting a Federal Officer Resulting in Bodily Injury, in violation
of Title 18, United States Code, Sections, 111(a)(1) and 111(b).

2.       The defendant has read the charge against defendant in the Indictment, and

defendant's attorney has fully explained the charge contained in the Indictment to

defendant.  The defendant fully understands the nature and elements of the crime with

which defendant has been charged in the Indictment.

3.       The defendant and the attorney for the defendant acknowledge that the

defendant has been apprised of all plea offers made by the United States and knowingly

and intelligently accepts the terms of this Plea Agreement.

4.      The defendant will voluntarily plead guilty to the charge as contained

within the Indictment.

5.      The parties agree that this Plea Agreement shall be filed and become a part

of the Court record and will be governed by Federal Rule of Criminal Procedure

11(c)(1)(B).  The parties specifically agree that Rule 11(c)(1)(C) does not apply.  If the

United States makes the non-binding recommendations that it has agreed to make, as

specified in this Plea Agreement, then the defendant acknowledges that this agreement

will have been fulfilled and that defendant will have no right to withdraw defendant's

guilty plea if the Court does not follow those recommendations.

6.      The defendant will plead guilty because defendant is in fact guilty of the

charge contained in the Indictment.  In pleading guilty to this charge, the defendant

acknowledges the following factual basis for the offense:

On or about September 5, 2020, in the District of North Dakota, in Indian

country, and within the exclusive jurisdiction of the United States, CATLYN

MAX JAMES KIRKALDIE, knowingly and forcibly assaulted, resisted, opposed,

impeded, intimidated, and interfered with a federal officer, namely, Officer

Criselda Cruz, a federal officer by virtue of a contract between the Bureau of

Indian Affairs and the Three Affiliated Tribes, pursuant to Title 25, United States

Code, Section 2804, while Officer Criselda Cruz was engaged in the performance

of her official duties, and in so doing, inflicted bodily injury to Officer Criselda

Cruz.

2

7.      The defendant understands that the count within the Indictment to which

defendant will plead guilty carries the following maximum penalties:

Imprisonment:       20 years
Fine:               $250,000
Supervised Release: 3 years
Special Assessment: $100

The defendant agrees that defendant will pay to the Clerk of United States District

Court the $100 in special assessments on or before the day of sentencing.

8.      The defendant understands that by pleading guilty defendant surrenders

certain rights, including the following:

(a)     The right to a speedy public jury trial with all of the rights

pertaining thereto, as follows:

(i)     If the trial is a jury trial, the jury would be composed of

12 laypersons selected at random.  The defendant and defendant's attorney

would have a say in who the jurors would be by removing prospective

jurors for cause, where actual bias or other disqualification is shown, or

without cause by exercising so-called peremptory challenges.  The jury

would have to agree unanimously before it could return a verdict of either

guilty or not guilty.  The jury would be instructed that the defendant is

presumed innocent and that it could not convict defendant unless, after

hearing all of the evidence, it was persuaded of the defendant's guilt

beyond a reasonable doubt.

3

(ii)    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(iii)   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and defendant's attorney would be able to cross examine them.  In turn, the defendant could present witnesses and other evidence in defendant's own behalf.  If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

(iv)    At a trial the defendant would have a privilege against self-incrimination so that defendant could decline to testify and no inference of guilt could be drawn from defendant's refusal to testify.  If the defendant desired to do so, defendant could testify in defendant's own behalf.

(b)    The right to remain silent.  The judge will likely ask the defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9.    The defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph and that there will be no trial.  The defendant's attorney has explained those rights to defendant, and the consequences of defendant's waiver of those rights.

10.     The parties acknowledge that the court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act.  In doing so, the court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2021)(USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct regarding the charges against defendant, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

11.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota.  This agreement does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor.  They remain free to prosecute the defendant for any offenses under their jurisdictions.  This Plea Agreement also does not bar or compromise any civil or administrative claim pending or that may be made against the defendant.

12.     The defendant understands that the United States Attorney reserves the right to notify any state or federal agency by whom the defendant is licensed, or with whom defendant does business, of the defendant's conviction.

13.     The parties agree that they expect the following Sentencing Guidelines apply in this case:

| | | |
|---|---|---|
| USSG § 2A2.4(a) | 10 | BOL |
| USSG § 2A2.4(b)(2) | +2 | bodily injury |

5

14.     The parties agree that the following upward adjustment may be applicable in this case:

USSG § 2A2.4(b)(1)(A)                    +3       Physical contact

15.     The United States agrees to recommend at sentencing a 2-level downward adjustment for acceptance of responsibility, provided that the defendant has demonstrated a genuine acceptance of responsibility for defendant's actions.  (USSG 3E1.1(a))  If the total offense level is 16 or greater, the United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently.  (USSG § 3E1.1(b))

16.     The parties stipulate and agree that, as of the date of this agreement, the defendant appears to qualify for a 2-level downward adjustment for acceptance of responsibility.  However, the government may, in its discretion, contest the adjustment under USSG § 3E1.1(a) should the defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

17.     Both parties acknowledge that neither the Probation Office nor the Court are bound by the agreement of the parties as to the Sentencing Guidelines, and that the Court may impose a sentence anywhere within the applicable Sentencing Guidelines

range, and that the Court may depart or vary upward or downward from that range if the Court, on the record, indicates what factors exist that were not contemplated by the Sentencing Guidelines Commission which justify the upward or downward departure, or what sentencing factors within 18 U.S.C. § 3553(a) justify an upward or downward variance from the Sentencing Guideline range.  Both parties reserve the right to object to any departure or variance from the applicable Sentencing Guideline range proposed by the Court on its own motion.

18.    Inclusion of the parties' expectations as to the applicable Sentencing Guidelines in this Plea Agreement is not a guarantee to the Defendant that those Sentencing Guidelines will, in fact, be included within the Pre-Sentence Investigation Report ("PSR") or be found to apply by the sentencing Court at the sentencing hearing. The PSR will include a Sentencing Guidelines calculation.  Both parties' will have an opportunity to object to the Sentencing Guidelines calculations contained within the PSR. The inclusion of Sentencing Guidelines within this Plea Agreement does not preclude either party from objecting to any of the Sentencing Guidelines contained within the PSR, nor does such inclusion prevent either party from advocating for or against application of other Sentencing Guidelines contained within the PSR that are not included within this Plea Agreement.

Inclusion of any upward or downward adjustment not contained within this Plea Agreement in the sentencing court's determination of the sentencing guideline range at the sentencing hearing does not entitle Defendant a right to appeal beyond that provided within the paragraph identified as "Appeal Waiver" below.

19.     At the time of sentencing, the United States will:

    (a)     recommend a sentence of imprisonment within the Guideline sentencing range;

    (b)     recommend the defendant be ordered to serve a 3-year term of supervised release; and

    (c)     recommend the defendant be ordered to pay restitution.

20.     The Defendant may recommend any sentence, including any departure or variance from the Sentencing Guideline range, that defendant believes is appropriate, provided Defendant notifies the United States of Defendant's intent to do so within the time frame for filing a sentencing memorandum pursuant to local court rule 32.1(B) (5 business days prior to sentencing hearing).

21.     The defendant acknowledges and understands that if defendant:

    (a)     violates any term of this Plea Agreement,

    (b)     engages in any further criminal activity regardless of jurisdiction, severity or whether a conviction results from the charges,

    (c)     violates any term of defendant's conditions of release regardless of whether a petition is filed or of the ultimate disposition of any petition that is filed,

    (d)     has, after being charged with the offense(s) in this case, provided false information to any federal, state or local law enforcement officer or any state or federal probation/pre-trial services officer, including any statements made in any proffer interview(s) in

8

connection with this case, either prior to entry into this plea

agreement or at any time after entry into this plea agreement,

(e)     engages in any form of obstruction of justice, or

(f)     fails to appear for the change of plea hearing, sentencing hearing, or

any other hearing in this matter,

this Plea Agreement shall become null and void, in whole or in part, at the discretion of

the United States, and the defendant will face the following consequences:  (1) all

testimony and other information defendant has provided at any time to attorneys,

employees, or law enforcement officers of the government, to the Court, or to the federal

grand jury, may and will be used against defendant in any prosecution or proceeding; (2)

the United States will be entitled to reinstate previously dismissed charges and/or pursue

additional charges against the defendant and to use any information obtained directly or

indirectly from the defendant in those additional prosecutions; and (3) the United States

will be released from any obligations, agreements, or restrictions imposed upon it under

this Plea Agreement, including but not limited to its agreement to recommend a certain

sentence in the case.

22.     The defendant acknowledges that defendant has read each of the provisions

of this entire Plea Agreement, with the assistance of counsel, and understands its

provisions.  The defendant and defendant's attorney have discussed the case and the

defendant's Constitutional and other rights, including, but not limited to, defendant's

plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of

the Federal Rules of Criminal Procedure.

23.     Restitution:  The defendant acknowledges the provisions of Title 18, United

States Code, Section 3663A, that require the Court to issue an order of restitution and

agrees to accept responsibility for paying such amount under such terms as may be

ordered by the Court.  The defendant acknowledges and agrees that the Court will order

him to make restitution for all loss caused by defendant's conduct, regardless of whether

a count or counts of the Indictment will be dismissed as part of this Plea Agreement.

The defendant further agrees to grant the United States a wage assignment,

liquidate assets, or complete any other tasks the Court finds reasonable and appropriate

for the prompt payment of any restitution or fine ordered by the Court.

24.     The defendant and his attorney acknowledge that no threats, promises, or

representations have been made, nor agreements reached, other than those set forth in this

agreement, to induce the defendant to plead guilty.

25.     It is understood by the parties that the sentencing judge is neither a party to

nor bound by this agreement and is free to impose the maximum penalties provided by

law.

26.     **Defendant's Waiver of Appeal**. Defendant acknowledges having been

advised by counsel of Defendant's rights to appeal the conviction or sentence in this case,

including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction

or sentence collaterally through post-conviction proceedings, including proceedings

under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the

concessions made by the United States in this plea agreement, Defendant hereby

knowingly and voluntarily waives these rights, except as specifically reserved herein.

Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

27.     By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

28.     Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

29.     The defendant understands that neither the agreements as to the Sentencing Guidelines nor the recommendations concerning the sentence made by the parties are

binding on the Court or the Probation and Pretrial Services Office.  The defendant further understands that refusal by the Court to accept any or all such agreements or recommendations does not give the defendant a right to withdraw defendant's guilty plea.

30.    The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.  Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this plea agreement.

31.    The undersigned Assistant United States Attorney and attorney for the defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota.  Pursuant to Rule 32.1CR(B)(3), the undersigned attorneys acknowledge their obligation to attempt, using good-faith efforts, to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference and other informal procedures.

AGREED:

JENNIFER KLEMETSRUD PUHL
United States Attorney

Dated: 9/26/2022                By: _____
                                    BRANDI SASSE RUSSELL
                                    Assistant United States Attorney

Dated: 9/15/2022                    _____
                                    CATLYN MAX JAMES KIRKALDIE
                                                 Defendant

Dated: 9/15/2022                    _____
                                    CHRISTINA P. RUDY
                                    Attorney for Defendant

13